**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FREDRICK A. WARD** **PLAINTIFF**

**V.** **CIVIL ACTION NO.: 4:16CV10-MPM-DAS**

**PIERRE JORDEN, ET AL.** **DEFENDANTS**

**ORDER ON MOTIONS FOR RELIEF FROM JUDGMENT**

Plaintiff Fredrick A. Ward has filed a motion seeking to reopen this otherwise final § 1983 action, along with a motion for a default judgment against defendant, Pierre Jordan. Because these motions each seek relief from the final judgment entered in this cause, the Court construes both as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). The motions will be denied, for the reasons that follow.

**Background Facts**

In January 2016, Ward, an inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against various Mississippi Department of Corrections ("MDOC") staff and contracted medical providers, claiming that in November 2015, he was subjected to excessive force at the hands of an officer and subsequently denied medical treatment. Summons were returned executed on several defendants, and all properly served defendants appeared in the action except defendant, Pierre Jorden. *See, e.g.*, docs. #28-32, 47. Thereafter, three defendant medical providers each filed motions to dismiss the complaint against them, and MDOC subsequently filed a motion for summary judgment based on its sovereign immunity and Ward's failure to exhaust his administrative remedies prior to filing suit. *See* docs. #23, 25, 34, and 50. Ward responded to the motions. *See* doc. #58.

On September 13, 2016, the Court entered an order granting two motions to dismiss filed

by the contract medical providers and denying one of the motions to dismiss. *See* doc. #59. By separate order entered the same date, it granted MDOC's motion for summary judgment and dismissed MDOC with prejudice based on its Eleventh Amendment immunity. *See* docs. #61 and 62. It also determined that Ward had failed to exhaust his administrative remedies prior to filing the instant action and dismissed the action without prejudice as to the remaining defendants. *See id.*

**Rule 60 Standard**

Because the instant motions were hand-delivered to the Court for filing on October 13, 2016, thirty days after judgment was entered in this cause, the Court considers the filings as motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (noting case filed within 28 days of the entry of the challenged judgment is considered a Rule 59(e) motion; otherwise, it is considered a Rule 60(b) motion); *Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010) (noting amendment of Rule 59(e) extending the ten day filing deadline to twenty-eight days); *see also* doc. #65.

To obtain relief under Rule 60(b), a party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied. . . ; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

**Discussion**

In the present motions, Ward asks the Court to reopen his case, alleging that he did file an

administrative grievance in this case, and that the defendants should not be allowed to violate his constitutional rights just because he could not produce the requisite paperwork. *See* docs. #65-66. He also requests that the Court enter a default judgment against Pierre Jorden, arguing that it was improper for the Court to close the case as to all of the defendants based on one defendant's motion for summary judgment, particularly where Jorden failed to respond despite having been properly served. The Court's actions, he claims, deprived him of an opportunity to bring a default judgment against Jorden. The Court finds that Ward's separately asserted objections are part and parcel of his argument that he is entitled to relief from the Court's final judgment.

The Court determines that the evidence in this case, including Ward's *Spears* testimony and his response to the motion for summary judgment, indicates that though he claims to have filed an Administrative Remedy Program ("ARP") grievance, he never completed the process.[1] Specifically, it notes that Ward claims he never received a first-step response to the grievance he filed through the ARP process. *See, e.g.*, audio from *Spears* hearing at 31:00-31:50. Accepting this allegation as true, the Court finds that Ward was nonetheless required to proceed through the formal ARP process despite prison officials' failure to respond to his initial complaint. *See, e.g., Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001); *Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir.2009) (affirming dismissal of prisoner's complaint for failure to exhaust, reasoning that by failing to file a "Step 2 grievance" of his complaints, he failed to "pursue the grievance remedy to conclusion" as required) (citation omitted)*; see also Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013) (describing MDOC's two-step ARP process). While Ward argues that his failure to complete the process should be

---

[1] Ward also states that he sent "grievances" to the Warden and Superintendent. *See* doc. #58-1 ¶9.

excused due to his transfer to another facility shortly after the alleged incident of excessive force, transfer to a different facility does not excuse an inmate's failure to exhaust. *See, e.g., Blank v. Tabera*, 544 F. App'x 480, 481 (5th Cir. 2013) (citing cases). Additionally, the Court notes that Ward's complaint to the contrary, MDOC is the only defendant that was dismissed with prejudice as a result of the summary judgment order; the remaining defendants were dismissed without prejudice. *See* docs. #61 and 62. Therefore, the Court finds that relief from judgment as to this issue is not warranted.

Next, though the Court considers Ward's claim that he is entitled to relief from judgment in this cause because he was entitled to seek a default judgment against Pierre Jorden. It notes that Ward had an opportunity to respond to MDOC's motion, which addressed the applicability of the exhaustion defense to all of the defendants. The Prison Litigation Reform Act provides that "[n]o action" may be taken by a prisoner until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Therefore, the Court finds that the exhaustion defense is applicable to all of the defendants and that dismissal of the non-moving defendants without prejudice was proper.[2]

In sum, the Court finds that Ward has failed to demonstrate that his § 1983 action should not have been dismissed for failure to exhaust his administrative remedies, and he has failed to satisfy the requirements for obtaining relief under Rule 60(b). *See, e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."). Therefore, the instant motions [65][66]

---

[2] The statute additionally provides that "waiver [of the right to reply to a prisoner action] shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Accordingly, even if the exhaustion defense had not been applied to all defendants, no default judgment could have been granted based solely on Jorden's failure to respond.

are **DENIED**.

**SO ORDERED**, this 14th day of October, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**